UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEEROY HARRIS,                          :
                                        :
        Plaintiff,                      :
                                        :           PRISONER
        V.                              :   Case No. 3:05-CV-527 (RNC)
                                        :
THERESA LANTZ and                       :
JAMES DZURENDA,                         :
                                        :
        Defendants.                     :

RULING AND ORDER

Plaintiff Leeroy Harris, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief regarding conditions of confinement in the protective custody unit at Cheshire Correctional Institution, and certification of his suit as a class action. Defendants have moved to dismiss the action in its entirety. For the reasons that follow, the motion is granted in part and denied in part, and certification as a class action is denied.

I.   Overview

Plaintiff challenges the following conditions of his confinement: (1) confinement to a cell for 21.5 hours per day; (2) lack of recreational or rehabilitative programming; (3) being required to take all meals in the cell, and (4) being restricted to 1.5 hours of visiting time per week with no visits allowed during the week.

The State argues that these allegations do not state a claim under the Eighth Amendment or the Equal Protection Clause.  I agree

that the complaint fails to state a claim under the Equal Protection Clause, but conclude that it adequately pleads claims under the Eighth Amendment and either the First Amendment or the substantive component of the Due Process Clause of the Fourteenth Amendment.

II.  <u>Eighth Amendment</u>

Plaintiff's allegations concerning the number of hours he is required to spend in his cell and inadequate programming fail to state a claim upon which relief may be granted because they do not allege a violation of any federally-protected right.

However, prisoners do enjoy a limited right to protection from unreasonable risks to their health. See <u>Helling v. McKinney</u>, 509 U.S. 25, 35-36 (1993); <u>Phelps v. Kapnolas</u>, 308 F.3d 180, 185 (2d Cir. 2002). Prison authorities are therefore obliged to "prepare[] and serve[] [food] under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." <u>Robles v. Coughlin</u>, 725 F.2d 12, 15 (2d Cir. 1983).

Plaintiff alleges that he is subjected to a prison policy that endangers his health by requiring him to eat his meals in a confined space in close proximity to a toilet he shares with a cellmate. He also alleges that defendants - the Commissioner of the Department of Correction and the Warden of Cheshire Correctional Institution - knowingly permit this to continue. These allegations are at least marginally sufficient to give fair notice of a claim under the Eighth Amendment. See <u>Phelps</u>, 308 F.3d

2

at 184-187 (emphasizing the minimal nature of federal pleading requirements, particularly in pro se prisoner civil rights cases).

III. First Amendment/Due Process

Plaintiff also alleges that prisoners in protective custody are restricted to 1.5 hours of visiting time per week, that the visiting policy for the general population is more generous, and that the restriction on protective custody inmates is "arbitrary." Complaint [doc. #1] at 4.

The State is correct that these allegations are insufficient to state a claim under the Equal Protection Clause. Plaintiff does not allege that inmates in protective custody are similarly situated to inmates in the general population, as required for an equal protection claim. See, e.g., Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).

Construed with the liberality required by the Second Circuit, however, the complaint alleges that the visiting policy infringes on a constitutional right to intimate association. See Overton v. Bazzetta, 539 U.S. 126, 131-132 (2003). To the extent such a right exists, it may be limited by prison authorities, provided the limitation is rationally related to a legitimate penological purpose. Id. at 132; Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff's allegation of arbitrariness is sufficient to require the State to come forward with a justification for its visitation policy, which it has not done. Furthermore, plaintiff has adequately alleged the personal involvement of the supervisory

defendants by alleging that they are aware of the policy and allow it to continue.

IV. <u>Injunctive Relief</u>

The complaint requests a "[r]estraining order against the D.O.C.". Complaint [doc. #1] at 7. This request is denied. Though plaintiff's allegations are sufficient to survive defendants' motion to dismiss, they do not establish the imminent risk of irreparable harm and likelihood of success on the merits required for a preliminary injunctive relief. <u>See, e.g.</u>, <u>Vincenty v. Bloomberg</u>, 476 F.3d 74, 83 (2d Cir. 2007).

V. <u>Certification as a Class Action</u>

The complaint is devoid of the allegations necessary to support a finding that class treatment is appropriate. *See* Fed. R. Civ. P. Rule 23(a). Accordingly, the request of certification is denied.

VI. <u>First Amended Complaint</u>

Plaintiff recently filed a First Amended Complaint [doc. # 22], to which defendants have objected. By means of this filing, plaintiff seeks to add a new defendant to the case, plus a new cause of action against all defendants in the case, for retaliating against him for filing grievances. The alleged retaliation took the form of a "shakedown" of his cell on April 15, 2004, during which personal items and legal paperwork allegedly were confiscated. The retaliation claim seeks return of the confiscated items and compensatory damages of $75,000.

Permission to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, this rule must be interpreted in light of the overarching goal of "secur[ing] the just, speedy, and inexpensive determination of every action." United States v. Continental Illinois Nat'l Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989) (quoting Rule 1, Fed. R. Civ P.). Accordingly, courts may deny leave to amend when permission to amend is sought after undue delay or the proposed amendment would prejudice the opposing party. See, e.g., Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

Accepting plaintiff's allegations as true, the "shakedown" of his cell occurred before he filed the original complaint in this action. He has provided no explanation for his tardiness in raising the retaliation claim. In addition, permitting the amendment at this point would unreasonably delay resolution of the claims in the original complaint that have survived the motion to dismiss. For these reasons, plaintiff will not be allowed to litigate the retaliation claim in this action.

VII. Conclusion

Accordingly, defendants' motion to dismiss [doc. 18] is granted in part and denied in part. In addition, the Clerk is ordered to amend docket entry #22 to reflect that the plaintiff's First Amended Complaint has been construed as a motion for leave to amend the complaint and that the motion has been denied.

As a result of this ruling, plaintiff may proceed with the

following two claims: (1) that defendants have violated his rights under the Eighth Amendment by requiring him to eat his meals in his cell at a risk to his health; and (2) that defendants have violated his constitutional right to intimate association by restricting visitation rights in a manner not rationally related to any legitimate penological interest.

To prevail on the first claim, plaintiff will have to prove that eating his meals in his cell poses a *substantial* risk to his health, that the defendants know of the risk, and that requiring the defendant to eat his meals in his cell despite the known risk to his health violates contemporary standards of decency. <u>See</u> <u>Helling</u>, 509 U.S. at 35-37.

To prevail on the second claim, plaintiff will have to prove that the restrictions on visiting hours applied to inmates in protective custody are not rationally related to a legitimate penological purpose.

So ordered.

Dated at Hartford, Connecticut this 30th day of March 2007.

‎ _____/s/_____
Robert N. Chatigny
United States District Judge